IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIO M. HERRERA VELUTINI, <br><br> Defendant. | CRIMINAL NO.  25-cr-297 (SCC) |

UNITED STATES' NOTICE OF EXECUTIVE GRANT
OF CLEMENCY FOR DEFENDANT AND REQUEST
FOR CERTIFICATION OF ACCEPTANCE BY DEFENDANT

The United States of America informs the Court that on January 20, 2026, the President of the United States issued an executive grant of clemency for Defendant Julio M. Herrera-Velutini in Case Number 3:25-cr-297 (SCC). Specifically, the pardon grants a full and unconditional pardon "[f]or those offenses against the United States individually enumerated and set before me for my consideration" in Case. No. 3:25-cr-297 (SCC).  A copy of the pardon is attached as Exhibit 1.

Article II, Section 2 of the United States Constitution provides that "[t]he President … shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment." U.S. Const. art. II, § 2, cl. 1. However, for a pardon to be valid, the person to whom the pardon is tendered must accept the pardon. United States v. Burdick, 236 U.S. 79, 90 (1915). The power of pardon conferred by the Constitution upon the President is otherwise unlimited, and may be exercised at any time after the commission of a crime, either before legal

-2-

proceedings are taken or during their pendency, or after conviction and judgment. In re Garland, 71 U.S. 333 (1866). Once a pardon is accepted, Courts must give it effect and cannot proceed once it is operative. United States v. Wilson, 32 U.S. 150, 163 (1833). See United States v. Flynn, 507 F. Supp. 3d 116 (D.D.C. 2020) (dismissing case against pardoned defendant as "moot" and not dismissing pursuant to Rule 48(a) Fed.R.Crim.P.).

Therefore, the United States requests that Defendant Herrera-Velutini file a notice with the Court certifying that he has accepted the Presidential pardon in the above-captioned case. Following the filing of the certification, the Court may dismiss as moot and close the above-captioned case.

WHEREFORE, the United States respectfully requests that the Court take notice of the above, that Defendant Herrera-Velutini file a notice certifying as to whether the defendant accepts the Presidential pardon, and, if so certified, the court dismiss and close this case as moot.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on January 21, 2026.

                                              *s/ W. Stephen Muldrow*
                                              W. Stephen Muldrow
                                              United States Attorney

                                              */s/ Seth A. Erbe*
                                              Seth A. Erbe - 220807
                                              Assistant U.S. Attorney
                                              United States Attorney's Office
                                              Torre Chardón, Suite 1201
                                              350 Carlos Chardón Ave.

-3-

        San Juan, PR 00918
        Tel. (787) 766-5656
        seth.a.erbe@usdoj.gov

        */s/ Myriam Y. Fernandez-Gonzalez*
        Myriam Y. Fernandez-Gonzalez - 218011
        Assistant U.S. Attorney
        Torre Chardón, Suite 1201,
        350 Carlos Chardón Street
        San Juan, Puerto Rico 00918
        Office: 787-766-5656
        myriam.y.fernandez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        */s/ Seth Erbe*
        Seth Erbe
        Assistant United States Attorney